[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, David and Melissa Nafis, appeal from the decision of the Planning and Zoning Commission of the Town of Southington ("Commission") granting the subdivision application of the defendant Emily Z. Indomenico.
The plaintiffs, as owners of property adjacent to the subdivision, are aggrieved by such decision and have filed a timely appeal pursuant to General Statutes § 8-8.
The dispositive issue in the case is whether the application of Indomenico was for a subdivision or resubdivision.
The property, which was subject to Indomenico's subdivision application, consists of approximately 6.1 acres. The 6.1 acre parcel was denominated as "other property" of a previous owner of the property, Chester W. Zawisza, in a subdivision map filed and recorded in 1972. In 1972, Zawisza owned approximately 8.5 acres which he subdivided creating lots 1 and 2 (each approximately 1.25 acres) and "other property" consisting of the 6.1 acre parcel.
The significance of the determination of whether the Indomenico application was for a subdivision or resubdivision is based on the statutory requirement set forth in General Statutes § 8-26 that a resubdivision must be proceeded by a public hearing. The plaintiffs contend that the 6.1 acres subdivided by Indomenico was part of the 1972 subdivision and thus constitutes a resubdivision necessitating a public hearing. The defendants Indomenico and the Commission viewed the earlier subdivision as not encompassing the "other property" and thus the Indomenico subdivision represents the initial subdivision of such "other property." Based on the statutory definition of "subdivision," the court finds that the 6.1 acres at issue were part of the 1972 subdivision and thus were resubdivided by Indomenico. CT Page 13867
The Connecticut Land Use Regulation notes the following: "Connecticut statutes define a subdivision as the division of land into three or more parcels. Thus an owner can divide the land into two parcels and not be subject to the subdivision regulations when doing so, a so-called `free cut.' Any subsequent division would, of course, be a resubdivision and subject to a public hearing." T. Tondro, Connecticut Land Use Regulation (2d Ed. 1996 Cumulative Supplement), p. 77.
Zawisza, in 1972, recorded a subdivision of his property. The subdivision, by necessity, included lots 1 and 2 and "other property," in order to meet the statutory definition of subdivision. If, as the defendants maintain, the property were divided into two lots, it would not have involved a subdivision. By statute (§ 8-18)[1] three lots must be involved to create a subdivision. In that the 1972 application involved separating off two ends of the property, it further suggests that the subdivision included lots 1, 2 and "other property." The reference in § 8-18 to "parts or lots" is consistent with an application of the statute, which would treat the lots and "other property" as subject to the subdivision.
In that the 6.1 acres identified as "other property" in the 1972 application and approved subdivision has thus been subdivided, the Indomenico application necessarily constituted a resubdivision. Section 8-18 contains the definition of "resubdivision."[2]
The defendants argue that Mr. Nafis was allowed input and participation at the hearings which addressed the Indomenico application, and thus no harm results from its failure to provide a public hearing. The defendants cite no authority for the proposition that a town commission is free to ignore the statutory requirements for a noticed public hearing.[3]
Similarly, the defendants cannot successfully argue that the Indomenico application would have necessarily been approved if a public hearing was afforded. The
Indomenico application involved a street length which exceeded the subdivision regulations. In approving the Indomenico application the Commission waived a specific subdivision street length requirement. The exercise of discretion by the Commission must be subject to public input after notice as required by CT Page 13868 statute. The requirement for a public hearing is not a mere formality but a statutory mandated process.
Accordingly, the plaintiffs appeal is sustained and the approval of the Indomenico application is vacated. The matter is remanded to the Commission for proceedings on the Indomenico application pursuant to General Statutes § 8-26 regarding resubdivisions.
The plaintiffs in their brief argue that Indomenico's wetlands permit for the property is invalid. However, that issue is not before the court. The Southington Conservation Commission, which issued the permit, is not a party to this zoning appeal.
This decision only determines that the Indomenico application is for a resubdivision, which must be preceded by a public hearing. The appeal is sustained and the matter is remanded to the Planning and Zoning Commission to reopen the Indomenico application, and decide it only after a public hearing.
Robert F. McWeeny, J.